### STATE OF IOWA

#### AT

### DES MOINES, SEPTEMBER, 1913, AND

### JANUARY, 1914, TERMS

#### AND IN THE SIXTY-SEVENTH AND SIXTY-EIGHTH

#### YEARS OF THE STATE.

---

STATE OF IOWA v. JAMES CLARK, Appellant.

Criminal law: MURDER: EVIDENCE: SUBMISSION OF ISSUES. Where
1 defendant shot and killed deceased immediately as decedent entered
the room, the testimony of defendant that he pointed his gun at
decedent as he (decedent) reached for another gun, intending to
prevent him from shooting first, and that defendant's gun was acci-
dentally discharged, but it appeared that others present did not see
decedent reach for a gun; that decedent had the reputation of being
a dangerous man, and had threatened to kill defendant; the ques-
tions of murder in the second degree and of self defense were for
the jury.

Same: EVIDENCE: CONCLUSION: ASSUMPTION OF FACTS. The inquiry
2 of defendant as to whether he knew decedent to be a dangerous
and violent man was objectionable, as calling for a conclusion and
assuming a fact not shown in evidence.

VOL. 163 IA.—1

Appeal: REVIEW OF EXCLUDED EVIDENCE. Where excluded evidence is not set out in the abstract the rulings thereon will be presumed on appeal to have been correct.

New trial: NEWLY DISCOVERED EVIDENCE. Newly discovered evidence is not ground for new trial in a criminal case: and when merely cumulative of the undisputed evidence refusal of a new trial on that ground is not an abuse of discretion.

Jurors: CHALLENGE: REVIEW OF RULING. The appellate court will not pass on the ruling denying the challenge of a juror for cause, where the record does not contain the examination of the juror.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

MONDAY, DECEMBER 15, 1913.

THE defendant was indicted for murder in the first degree and convicted of murder in the second degree. He appeals.— *Affirmed.*

*Walter McHenry, Earl De Ford,* and *J. D. Laws,* for appellant.

*George Cosson,* Attorney General, *John Fletcher,* Assistant Attorney General, and *Thomas J. Guthrie,* County Attorney, for the State.

LADD, J.—I. On October 26, 1912, the defendant was in a gallery in Des Moines, shooting at targets. He had fired twice without hitting the "bull's-eye," and as he had the gun at his hip about to shoot again, Noland, with whom he was contesting, said, "Look who is here." The defendant turned, and, seeing Robert Callahan standing in the door, shot him, the ball entering his forehead. He died in a few minutes. The evidence tended to show that shortly before Callahan had shared

1. CRIMINAL LAW: murder: evidence: submission of issues.

defendant's room overnight and in the morning had carried away $11.10 of his money, and had failed to return it; that the deceased was reputed to be a quarrelsome and dangerous man; had told defendant he would kill him, and so threatened to others shortly before the shooting, but he carried no weapon. The evidence also tended to show that defendant bore the reputation of being a peaceable, law-abiding citizen, though he had engaged in several quarrels when "picked on," and at the time in question had been drinking some. He testified that when he pointed the gun at deceased, it was with the intention of holding him up so that he would not fire first; that as he did so, the deceased reached for his hip pocket, and the gun went off accidentally, he not intending to discharge it. Two witnesses present did not notice deceased reach for his hip pocket. Plainly enough the evidence was such as to carry the issues, including that of self-defense, to the jury, even though we might not have reached the same conclusion as did that body in convicting the accused.

II. In the course of examination of defendant, he was asked whether he knew the deceased was a dangerous and violent man. The objection to this question was rightly sustained for that (1) it called for a mere conclusion, and (2) assumed that the deceased was a dangerous and violent man, of which fact no evidence had been introduced. Later in the trial, the deceased was proven to be such, and the evidence that defendant so knew was undisputed. There was no error.

2. SAME: evidence: conclusion: assumption of facts.

III. The defendant offered in evidence the entries in the case of State v. deceased, contained in the criminal combination docket. An objection as incompetent was sustained. As these entries are not set out in the abstract, the ruling is presumed to have been correct. Of course, the record of the conviction of crime is the best evidence thereof, save where the accused is interrogated on cross-examination.

3. APPEAL: review of excluded evidence.

Newly discovered evidence is not ground for new trial in a criminal case; and, as that discovered after the trial was merely cumulative of that adduced at the trial, which was undisputed, there was no abuse of discretion denying a new trial.

4. NEW TRIAL: newly discovered evidence.

The record before us does not contain the examination of the juror Northup, and for this reason we are unable to pass on the ruling by which a challenge for cause was overruled.

5. JURORS: challenge: review of ruling.

Having discovered no error in the record, the judgment must be and is affirmed, but with the suggestion that the board of parole take note of our view that under the facts of the case, the penalty seems severe.—*Affirmed.*

WEAVER, C. J., and EVANS and PRESTON, JJ., concur.